IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIE STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-1019-WKW |
| | ) | [WO] |
| | ) | |
| BUREAUS INVESTMENT GROUP # 1, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant filed a Notice of Removal (Doc. # 1) on December 2, 2010, invoking federal question and supplemental jurisdiction over Plaintiff's causes of action. This case is before the court on Plaintiff's timely-filed Motion to Remand (Doc. # 6), which includes a request for attorney's fees pursuant to 28 U.S.C. § 1447(c). The motion has been fully briefed and is ready for adjudication. Based upon the arguments of counsel and the applicable law, Plaintiff's motion to remand and motion for attorney's fees are due to be denied.

**I. BACKGROUND**

Litigation in this case commenced in the Circuit Court of Macon County, Alabama, when Bureaus Investment Group # 1 ("Bureaus") filed a debt collection lawsuit against Allie Stewart. (Notice of Removal 1 (Doc. # 1).) Ms. Stewart later asserted counterclaims in a counter-complaint. (Doc. # 1, Attach. 3.) Among them is a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq*. After Bureaus dismissed its

debt collection complaint, the only claims remaining in the case were Ms. Stewart's counterclaims, including the FDCPA claim, against Bureaus. In light of this development, Bureaus moved to realign the parties, and the motion was granted by the circuit court. (Order of Realignment (Doc. # 1, Attach. 5).) Subsequent to the realignment, Defendant Bureaus removed Plaintiff Stewart's claims to this court, and invokes this court's federal question and supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1367.

## II.  STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Federal question jurisdiction exists if the plaintiff's action "arises under" the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Generally, an action 'arises under' federal law when federal law creates the cause of action." *Johnson v. Wellborn*, No. 10-12494, 2011 WL 914302, at *4 (11th Cir. March 17, 2011) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)). When the removing defendant invokes both federal question and supplemental jurisdiction, the court "ha[s]

discretion to retain jurisdiction over state law claims even after [the plaintiff] amend[s] the complaint to remove any federal cause of action." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002).

### III.  DISCUSSION

Ms. Stewart unsurprisingly makes no argument that the court does not have federal question jurisdiction over FDCPA claims generally, nor does she argue that the court should, in its discretion, decline to exercise supplemental jurisdiction over her state law claims. Rather, Ms. Stewart argues that the litigation history in this case forbids removal, and asserts that "[r]emoval jurisdiction cannot arise from a federal question counterclaim." (Mot. to Remand ¶ 7.) She cites a number of cases that purport to support her position. Most of the cases are inapplicable and will not be addressed explicitly. The issue, which appears not to have been addressed by the Eleventh Circuit, or any circuit, *see Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1023 (N.D. Ohio 2010), is whether an order of realignment by a state court can allow a former plaintiff, now defendant, to remove a case to federal court based upon a pleading that was originally filed as a counter-complaint.

**A.      Removal Is Limited to Defendants**

Removal is a litigation device reserved exclusively for the use of state court defendants. 28 U.S.C. § 1441(a) states, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

3

28 U.S.C. § 1441(a).

In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), the Supreme Court construed the 1887 version of the removal statute, now 28 U.S.C. § 1441, as authorizing removal only by the "defendant or defendants" in the case.[1] The plaintiff in *Shamrock* removed the defendant's counterclaim to federal court, and then argued that "although [it was] nominally a plaintiff in the state court it was in point of substance a defendant to the cause of action asserted in the counterclaim . . . ." *Id.* at 104. Giving a "strict construction" to the 1887 amendments that again restricted the use of removals to state court defendants, the Supreme Court held that the removal, initiated by the state court plaintiff, was improper. Removal is limited to defendants.

Attempting to stretch the amount of guidance that *Shamrock* has to offer to the present case, Ms. Stewart argues that *Shamrock* establishes as a point of law that "once a plaintiff always a plaintiff[;] likewise once a defendant always a defendant." (Pl.'s Suppl. Br. 6 (Doc. # 9).) Nowhere in *Shamrock* is such a principle elaborated, suggested, or even implicated. Aside from its holding that removal is limited to defendants, *Shamrock* is otherwise unhelpful to the present inquiry. In *Shamrock*, the removing plaintiff still had pending claims from its original complaint, and indeed had secured a judgment on its original claims in the federal district court before the Fifth Circuit vacated the judgment and remanded to the district court with instructions to remand to state court. Although the plaintiff in *Shamrock*

---

[1] Previously, the removal statute allowed a case to be removed by "'either party, or any one or more of the plaintiffs or defendants' . . . ." *See Shamrock*, 313 U.S. at 106 (quoting The Jurisdiction and Removal Act of 1875, ch. 137, § 2, 18 Stat. 470, 471 (March 3, 1875)).

was in substance a defendant on the counterclaim, it was also in substance a plaintiff on its own claims. Unlike the removing plaintiff in *Shamrock*, Bureaus is nominally, substantively and exclusively a defendant in this case on account of the state court's Order of Realignment.

**B.     Is a Realigned Defendant a "Defendant" under 28 U.S.C. § 1441(a)?**

Because the removal statute limits removal to state court defendants, the question then becomes whether a state court plaintiff, through the use of realignment, can become a defendant within the meaning of the removal statute and then remove a case based upon a pleading originally filed as a counter-complaint. Although this exact question has not been answered, *see supra*, there are two well established principles of removal law, Supreme Court *dicta*, and another nearly factually-identical district court decision, all tending to support the position that such removals are allowable in appropriate circumstances.

*1.     Two Well-Established Principles of Removal Law*

**a.     Jurisdictional Facts Are Assessed as of the Time of Removal from the Plaintiff's Well Pleaded Complaint**

Just as a photograph isolates and memorializes a moment in time, the notice of removal creates a jurisdictional snapshot of a case to which a federal court looks to determine federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of the plaintiff's complaint *as of the time of removal*.").

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." *Adventure Outdoors*, 552 F.3d at 1295 (citing *Louisville & Nashville Ry. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Ms. Stewart argues that "[t]he Eleventh Circuit, in [*Burns*], opined, [that] to consider a [d]efendant's [c]ounterclaim would contravene the Eleventh Circuit's dictates[,] as a counterclaim is not part of a plaintiff's complaint." (Pl.'s Suppl. Br. 4 (Doc. # 9).) This statement is unaccompanied by a citation, which is natural, of course, because there was no such opining in *Burns*. In fact, one struggles to find mention of a counterclaim at all in *Burns*.

Despite the lack of support from *Burns*, Ms. Stewart nevertheless makes a correct statement of law. "Removability cannot be created by a defendant pleading a counterclaim presenting a federal question under 28 U.S.C. § 1331." *Concordia v. Bendekovic*, 693 F.2d 1073, 1078 n.6 (11th Cir. 1982) (quoting *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975)). However, Ms. Stewart fails to explain how her claims remained counterclaims *as of the time of removal*. The state court's Order of Realignment, after designating Ms. Stewart as Plaintiff and Bureaus as Defendant, stated that "[b]oth parties are entitled to the rights and privileges that accompany their respective positions as plaintiff and defendant." (Order of Realignment.) Although the state court did not explicitly re-title Ms. Stewart's counter-complaint as a complaint or order her to re-file an affirmative complaint, *see, e.g., Hrivnak*, 723 F. Supp. 2d at 1021 (noting that the state court had ordered the realigned plaintiff to re-file a complaint), one of the "rights and privileges" of being a state court defendant is the ability to remove a case to federal court where federal subject matter

6

jurisdiction is present. *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907) ("[T]he Federal courts should . . . be equally vigilant to protect the *right to proceed in the Federal court* as to permit the state courts, in proper cases, to retain their own jurisdiction.") (emphasis added). Because it is fundamental that exercise of the right of removal can be accomplished from a complaint alone, it is therefore implicit within the state court's Order of Realignment that the counter-complaint would be treated thenceforth as a complaint, so as to afford Bureaus all of the "rights and privileges" of the position of defendant.

### a. The District Courts' Duty to Assess the Parties' Roles in the Litigation

Furthermore, the Supreme Court has instructed the lower federal courts to look beyond the case caption or titles of pleadings to determine the propriety of removal:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings and arrange the parties according to their sides in the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interests exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in the dispute.

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 70 (1941); *see also Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 (5th Cir. 1973) ("[I]n determining the status of the parties . . . , it is well established that the court must look beyond the pleadings to matters actually in

controversy.").[2] The "primary and controlling matter[s] in the dispute" are Ms. Stewart's claims against Bureaus. In fact, those claims are the only matters in the dispute. Because the flow of *all* of the pending claims originates with Ms. Stewart and with her pleading that is nominally titled a "Counter-Complaint," there is no doubt that she is properly the plaintiff in the action, and Bureaus is properly the defendant. Based on these developments, there is also no doubt that her "Counter-Complaint" was the complaint in this lawsuit by the time of removal. A contrary holding would be an abandonment of the duty "to look beyond the pleadings [and their titles] and arrange the parties according to their sides in the dispute." *Chase Nat'l Bank*, 314 U.S. at 70.

### 2. *Supreme Court Dicta*

Having determined that Bureaus is properly the Defendant and that the removal was based upon Ms. Stewart's complaint, the fundamental question remains: Is a removal after realignment permissible? There is Supreme Court *dicta* suggesting that removal after realignment may be proper. *Mackay v. Uinta Development Company*, 229 U.S. 173 (1913) involved a state court lawsuit filed in Wyoming between two citizens of different states. The plaintiff (Uinta) sought $1,950 in damages for the defendant's (Mackay) alleged trespass on its land. *Id.* at 173-74. The defendant alleged a counterclaim for $3,000 and subsequently removed the case to federal court based upon diversity jurisdiction. (The amount in controversy requirement at the time was $2,000.) The plaintiff did not move to remand the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

case, and the parties litigated to final judgment. Jurisdiction was challenged on appeal.

Conceding that the parties "could not give jurisdiction by consent," the Court nevertheless held that "there was presented to the [federal court] a controversy between citizens of different states in which the amount claimed by one nonresident was more than $2,000 . . . ." *Id.* at 176. Although the holding of this case may be questionable, *see Concordia*, 693 F.2d at 1078 n.6, the Court also included *dicta* applicable to this case. In an attempt to preemptively address concerns that the amount in controversy was improperly satisfied through a counterclaim, the Court hypothesized that the parties simply "could have been realigned . . . if that had been found proper." *Mackay*, 229 U.S. at 176. The idea of creating proper removal jurisdiction after removal is also dubious because jurisdiction is "to be determined according to the plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Burns*, 31 F.3d at 1097 n.13.

Despite the holding, there is a proper inference to be drawn from *Mackay*'s *dicta*. Such a realignment, if accomplished properly (*i.e.*, prior to removal), may allow for a federal court to find federal subject matter jurisdiction based upon a newly-realigned defendant's notice of removal. Extracting this principle from *Mackay*, and recognizing that the dubious aspects of the *Mackay* holding are not present in this case because the realignment of the parties was accomplished prior to removal and because the removal is based entirely on the allegations in the realigned Plaintiff's complaint, the *Mackay dicta* supports a finding that a realigned defendant's removal under the circumstances presented in this case is allowable.

### *3.    Hrivnak Case*

Furthermore, another district court was presented with a substantively identical notice of removal, and denied the subsequent motion to remand.  In *Hrivnak*, the initiator of the lawsuit was NCO Portfolio Management, Inc. ("NPM"), which filed a debt collection complaint in state court against Hrivnak.  723 F. Supp. 2d at 1021.  Hrivnak joined several parties and asserted counterclaims, including a claim against NPM under the FDCPA.  *Id.* After some discovery, NPM moved to dismiss its own complaint, and that motion was granted by the state court.  *Id.*  One of the joined counter-defendants moved to realign the parties, and the motion, opposed by Hrivnak, was granted by the state court.  *Id.*  The case was re-styled and the state court ordered Hrivnak to file a complaint asserting his affirmative claims for relief.  *Id.*  Hrivnak filed his complaint and the notice of removal followed shortly thereafter.  *Id.*

Looking first to the rule that "jurisdiction is to be measured . . . at the time of removal," *id.* at 1028 (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F. 3d 868, 871 (6th Cir. 2000)), the district court stated that "§ 1446(b) does not contemplate that a court will peer back through the history of the state court litigation:  indeed, it appears to demand that the Court not."  *Hrivnak*, 723 F. Supp. 2d at 1028.  Relying on this, and upon the results of its inquiry under *Chase National Bank*, the district court held that the realigned defendants were "defendants" under the removal scheme and able to remove the case to federal court.  The Northern District of Ohio's logic is persuasive and is adopted.  As in *Hrivnak*, at the time of removal, the *only* dispute in controversy was a bundle of claims asserted by Ms. Stewart

10

against Bureaus.  "That [Bureaus] [was] not a defendant[ ] at some point in the past does not change [its] status at the time of removal, which is the question the Court must answer." *Id.* at 1028.  That question is easily answered in this case.  At the time of removal, Bureaus was nominally, substantively and exclusively the Defendant.  *See Chase Nat'l Bank*, 314 U.S. at 70.

C.      **Summary of Findings**

In summary, although no circuit has addressed the issue presented in this case, extrapolation from general removal principles and reliance on persuasive authority lead to the conclusion that removal by a realigned defendant based upon a pleading originally filed as a counter-complaint is proper under the circumstances presented in this case. Accordingly, Ms. Stewart's motion to remand is due to be denied.  And because her motion to remand is due to be denied, Ms. Stewart's motion for attorney's fees under 28 U.S.C. § 1447(c) is due to be denied as well.

## IV.  CONCLUSION

Based upon the foregoing, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 6) and motion for attorney's fees (Doc. # 6) are DENIED.[3]

DONE this 10th day of June, 2011.

                                    /s/ W.  Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Having conducted an independent inquiry, the court is satisfied that the substantive jurisdictional requirements for federal question jurisdiction are met and, in its discretion, will also at this time exercise supplemental jurisdiction over Ms. Stewart's state law claims.