IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALLIE STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:10-CV-1019-WKW |
| | ) |
| BUREAUS INVESTMENT GROUP # 1, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On September 26, 2011, Plaintiff Allie Stewart filed a Motion to Amend the Complaint (Doc. # 17), seeking to add additional claims, including class claims, and additional defendants. Defendant Bureaus Investment Group # 1, LLC, filed a response in opposition (Doc. # 24) and Plaintiff replied (Doc. # 27). The court has carefully considered the briefing and argument of the parties and finds that the motion to amend is due to be granted.

This case arises out of lawsuits over consumer credit card debt collection. Ms. Stewart was a credit card debtor who was sued by Bureaus, who sought to collect on that debt. Ms. Stewart alleges that she was the victim of unlawful debt collection practices. (Doc. # 27, at 2.) In the course of defending against Bureaus's lawsuit and proceeding with her own claims, Ms. Stewart claims to have discovered information

about the illegal practices of consumer debt collection corporations that are connected to Bureaus, and that would warrant expanding this case to include a class of plaintiffs against the proposed defendant debt collection entities. (Doc. # 27 at 3.) The motion to amend was timely filed within the deadline set in the Uniform Scheduling Order. (Doc. # 16 § 4.)

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party who seeks to amend a pleading outside of the license of Rule 15(a)(1) may do so with the court's leave. Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." However, "[a] proposed amendment may be denied for futility, 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Bureaus contends that amending the complaint would be futile because the claims would be due to be dismissed. (Doc. # 24 at 1, 5.) Bureaus argues that the class claim is predicated on an erroneous theory that the lack of business registration by the corporations in Alabama prevents them from suing on debts, and that the incorrect information about the authority to do business in Alabama is not materially misleading. (Doc. # 24 at 6-12.) Ms. Stewart replies that the amended complaint alleges an overall pattern of Defendants providing misleading and fraudulent

2

information (of which misstating business registration is only one part) and utilizing oppressive tactics that frustrate defending against the creditor suits.  (Doc. # 27 at 6-8.)

The claims for fraud and violations of federal and state statutes allege facts regarding the totality of the conduct of the corporations and that conduct's overall effect on debtors, and does not merely rely on narrow grounds such as misleading "scrivener's errors" or a lack of proper licensing.  Ms. Stewart's amended complaint "plausibly suggest[s] that the plaintiff has a right to relief, raising that possibility above a speculative level."  *See James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation and internal quotations marks omitted).  Thus, Bureaus's arguments that amending the complaint would be futile are not persuasive.[1]

Therefore, upon consideration of Ms. Stewart's Motion to Amend Complaint (Doc. # 17), it is ORDERED that the motion is GRANTED.

However, the proposed amended complaint that is attached to the motion to amend and is denominated "Plaintiff's First Amendment to Complaint" (Doc. # 17, Ex. A) does not comply with the court's local rules.  *See* M.D. Ala. LR 15.1 ("Any

---

[1] No opinion is expressed on whether, after discovery and further proceedings, Plaintiffs' claims would withstand a dispositive motion as to some or all of the defendant entities.

amendment to a pleading . . . , must, except by leave of Court, reproduce the entire pleading . . . and may not incorporate any prior pleading . . . by reference"). Accordingly, on or before **March 15, 2012**, Ms. Stewart shall file an amended complaint that complies with Local Rule 15.1.

It is further ORDERED that the Uniform Scheduling Order (Doc. # 16) is VACATED, and the parties are DIRECTED to file an amended Rule 26(f) report on or before **March 22, 2012**.

DONE this 1st day of March, 2012.

                                            /s/ W. Keith Watkins  
                                  CHIEF UNITED STATES DISTRICT JUDGE