IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ALLIE J. STEWART,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )    CASE NO. 3:10-CV-1019-WKW
                                           )              [WO]
BUREAUS INVESTMENT                         )
GROUP #1, LLC, *et al.*,                   )
                                           )
            Defendants.                    )

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss for Failure to Prosecute, Failure to Comply with Court Orders, and Failure to Serve Defendants.  (Doc. # 115.)  Plaintiff has responded to the motion.  (Doc. # 124.)

## I.  BACKGROUND

Over five years ago, Defendant Bureaus Investment Group # 1, LLC sued Plaintiff Allie J. Stewart in the Circuit Court of Macon County for collection of a debt.  A year after entering a consent judgment against Ms. Stewart, the state circuit court granted Ms. Stewart's motion to vacate the judgment.  Ms. Stewart then filed counterclaims against Bureaus for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and various state law torts.  Bureaus dismissed its complaint against Ms. Stewart, and the state court then realigned the parties, making Ms. Stewart the plaintiff and Bureaus the defendant.  Bureaus

removed this case from the Circuit Court of Macon County to this court in December 2010, nearly three years ago.

Since the removal, Ms. Stewart's case has made pitiful progress.  Although the case first proceeded in a typical manner, Ms. Stewart sought leave to amend her complaint in March 2012 to add more claims, including class allegations, and numerous additional defendants.  (*See* Doc. # 31.) The court granted her motion and vacated the uniform scheduling order.  Defendants responded to the first amended complaint by filing various motions pursuant to Federal Rule of Civil Procedure 12.  (Docs. # 50, 51.)

In November 2012, upon Ms. Stewart's motion, the court granted her leave to amend the complaint again.  The court denied as moot Defendants' pending Rule 12 motions.  (Doc. # 102.)  Upon the filing of the second amended complaint on November 12, 2012, the roster of defendants grew to forty-five, and unfortunately, this case became unwieldy.[1]  In December 2012, several Defendants filed an answer to the second amended complaint.  (Doc. # 109.)  The court did not

---

[1] Ms. Stewart and Defendants represent that there are forty-six defendants identified in the second amended complaint.  (Docs. # 115, at  3; 124, at 2.)  There are forty-six defendants identified in the case style of the second amended complaint, but there are only forty-five in the enumerated paragraphs of the second amended complaint.  (*Compare* Doc. # 103, at 1 *with* Doc. # 103, at 3–17 ¶¶ 3–47.)  It appears that Ms. Stewart identified "Bureaus Investment Group #1, LLC" twice in the style of the case, which would be easy to do, as almost every defendant is some slight variation of the same business name.

direct the parties to prepare an amended Rule 26(f) report because many defendants, added by the Second Amended Complaint, remained unserved.

Nothing happened in this case between December 20, 2012, and May 20, 2013. In January 2013, Mr. Charles Lorant, one of Ms. Stewart's attorneys, ended his affiliation with Lloyd and Honora Gathings's law firm. (Doc. #124, at 3.) Mr. Lorant did not file a notice of change of address with the court in this case, but he believed that he updated his contact information with the court. (Doc. # 124, at 3.) He was mistaken.

On May 20, 2013, the court entered an order directing Ms. Stewart to show cause why any unserved Defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. # 110.) The next day, the Gathingses moved to withdraw and represented that Mr. Lorant would continue to represent Ms. Stewart. (Doc. # 111.) The court directed Mr. Lorant, specifically, to respond to the show cause order (Doc. # 112), and denied the Gathingses' motion to withdraw with leave to re-file (Doc. # 113). Mr. Lorant did not respond. The Gathingses furnished the court with Mr. Lorant's new address. (Doc. # 114.)

On August 19, 2013, Defendants filed the instant motion to dismiss for failure to prosecute, comply with court orders, and serve defendants. (Doc. # 115.) The Gathingses again sought permission to withdraw from this case, and the court again denied their motion with leave to re-file. (Docs. # 117, 118.) Reminded

anew of Mr. Lorant's non-compliance with the court's orders to show cause (Docs. # 110, 112), the court entered another order, which the Clerk of Court mailed to Mr. Lorant's current address, directing him to show cause why he had failed to comply with the court's previous orders. (Doc. # 119.) Mr. Lorant appeared and explained his absence. (Doc. # 120.) He has also responded to the court's order to show cause (Doc. # 123) and filed a response in opposition to Defendants' motion to dismiss (Doc. # 124). He still intends to prosecute the case on behalf of Ms. Stewart.

## II. DISCUSSION

### A. Dismissal of Action with Prejudice

Defendants request that the court sanction Ms. Stewart by dismissing this case for, among other things, her failure to prosecute the case and to respond to court orders. Mr. Lorant, by his response, and the Gathingses, by their silence, offer no convincing reasons for failing to attend to this case from December 2012 to August 2013. Mr. Lorant explains that he failed to respond to court orders because he did not receive notice, which was owing to his mistaken belief that he informed the court of his new office location and email address.[2]

---

[2] But this does not explain his neglect to serve all Defendants with process within 120 days of filing the amended complaint (March 12, 2013), which would have kept this case moving forward.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  But such a dismissal "is considered a sanction of *last resort*, applicable only in *extreme* circumstances."  *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (internal quotations omitted) (emphasis added).  In deciding a motion brought under Rule 41(b), it matters whether the plaintiff has delayed the case proceedings willfully as opposed to negligently.  *See id.*  Here, there is no evidence that Ms. Stewart or her attorneys have purposefully evaded the court's orders.  Furthermore, it would be unjust to punish Ms. Stewart for her attorneys' mistakes or neglect of her case.  Therefore, in light of the circumstances, dismissal of the case is inappropriate.

## B.     Dismissal of Unserved Defendants Without Prejudice

Defendants also ask that this case be dismissed for Ms. Stewart's "failure to serve 19 newly added Defendants with process since adding them by amendment over nine months ago."  (Doc. # 115, at 8.)[3]  Although a complete dismissal of the

---

[3] Ms. Stewart's amended complaint suggests that the accurate number of unserved defendants is sixteen, not nineteen.  At a different point in Defendants' motion, they also count sixteen rather than nineteen.  (*See* Doc. # 115, at 3 (identifying fifteen new business entities and one new individual).)  The sixteen are: (1) John Hedges; (2) The Bureaus Inc.; (3) Bureaus Investment Group; (4) Bureaus Investment Group Inc.; (5) Bureaus Investment Group No.1, LLC; (6) Bureaus Investment Group II, LLC; (7) Bureaus Investment Group No.II, LLC; (8) B.I.G. No.3, LLC; (9) Bureaus Investment Group III, LLC; (10) Bureaus Investment Group No.3, LLC; (11) Bureaus Investment Group No.5, LLC; (12) Bureaus Investment Group No.6, LLC; (13) Bureaus Investment Group 7, LLC; (14) Bureaus Investment Group #8, LLC; (15) Bureaus Investment Group No.8, LLC; (16) Bureaus Investment Group No.15, LLC.  (*See* Doc.

case is not appropriate, dismissing Defendants who have not been served is. Federal Rule of Civil Procedure 4(m) provides that

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The court cautioned Ms. Stewart in its May 20, 2013 order that unserved defendants could be dismissed *sua sponte*.  (Doc. # 110 (citing Fed. R. Civ. P. 4(m).)   Although Mr. Lorant did not initially receive notice of that order, the Gathingses were notified electronically, and Mr. Lorant is of course now aware as well.  (*See* Docs. # 119, 121.)   In the instant motion to dismiss, Defendants specifically ask for relief under Rule 4(m) in their motion to dismiss.  (Doc. # 115.) Mr. Lorant has been made aware of both the court's order and Defendants' motion.

Mr. Lorant responds that he and counsel for Defendants "communicat[ed] regarding service of the newly added defendants and regarding clarification of which defendants were extant and which defendants had never existed."  (Doc. # 124, at 7–8.)   But these communications only lasted "through December 10, 2012."  (Doc. # 124, at 4.)   And notwithstanding his seven- to eight-month disconnection from the court's electronic noticing system, nothing stopped Mr.

---

# 103, at 35–36 (directing service on these defendants).)  None of these defendants was served successfully with process after the filing of the second amended complaint.

Lorant from continuing to communicate with defense counsel to ascertain which Defendants existed or required service of process.  Moreover, it was not defense counsel's obligation to remind Mr. Lorant that his service deadline under Rule 4(m) was approaching.  *See* Fed. R. Civ. P. 4(c)(1) ("The *plaintiff* is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." (emphasis added)).

Thus, Mr. Lorant has not shown "good cause" for Ms. Stewart's failure to timely serve sixteen defendants.  *See* Fed. R. Civ. P. 4(m).  Accordingly, these Defendants are due to be dismissed from this action without prejudice.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. # 115) is DENIED.

It is further ORDERED that the sixteen defendants whom Ms. Stewart has failed to serve with the second amended complaint, *see supra* note 3, are DISMISSED from this case without prejudice.  The Clerk of the Court is DIRECTED to update the docket sheet accordingly.

The court will enter a separate order directing the parties to conduct a new planning meeting pursuant to Federal Rule of Civil Procedure 26(f).

DONE this 26th day of September, 2013.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE
