# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **ALLIE STEWART,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. 3:10-CV-1019-WKW** |
| | ) |
| **BUREAUS INVESTMENT** | ) |
| **GROUP, LLC; BUREAUS** | ) |
| **INVESTMENT GROUP PORTFOLIO** | ) |
| **No. 1, LLC; BUREAUS INVESTMENT** | ) |
| **GROUP PORTFOLIO No. 2, LLC;** | ) |
| **BUREAUS INVESTMENT GROUP** | ) |
| **PORTFOLIO No. 3, LLC; BUREAUS** | ) |
| **INVESTMENT GROUP PORTFOLIO** | ) |
| **No. 4, LLC; BUREAUS INVESTMENT** | ) |
| **GROUP PORTFOLIO No. 5, LLC;** | ) |
| **BUREAUS INVESTMENT GROUP** | ) |
| **PORTFOLIO No. 6, LLC; BUREAUS** | ) |
| **INVESTMENT GROUP PORTFOLIO** | ) |
| **No. 7, LLC; BUREAUS INVESTMENT** | ) |
| **GROUP PORTFOLIO No. 8, LLC;** | ) |
| **BUREAUS INVESTMENT GROUP** | ) |
| **PORTFOLIO No. 10, LLC; BUREAUS** | ) |
| **INVESTMENT GROUP PORTFOLIO** | ) |
| **No. 11, LLC; THE BUREAUS, INC.;** | ) |
| **MICHAEL SLOTKY; BURTON** | ) |
| **SLOTKY; ARISTOTLE SANGALANG;** | ) |
| **MARK CHAMBLESS; and** | ) |
| **CHAMBLESS, MATH & CARR, PC.** | ) |
| | ) |
| **Defendants.** | ) |

## THIRD AMENDED AND RESTATED COMPLAINT

COMES NOW the Plaintiff, Allie Stewart, individually and on behalf of those similarly situated, upon her personal knowledge and her own acts, and upon information and belief as to all other matters, by and through undersigned counsel, and with leave of this Court, files this Third Amended and Restated Complaint as follows:

<u>**JURISDICTION**</u>

1.     Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

2.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.     Supplemental jurisdiction over state law claims is available to this Court pursuant to 28 U.S.C. § 1367.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)-(c).

**PARTIES TO THE COMPLAINT**

5.     Plaintiff, Allie Stewart ("Stewart") is a resident citizen of the State of Alabama, over the age of 19 and a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA").[1] 15 U.S.C. § 1692a(3).

6.     Bureaus Investment Group, LLC is an Illinois limited liability company that, at all times relevant hereto, was not and is not registered with the

---

[1] 15 U.S.C. § 1692 *et seq.*

Alabama Secretary of State or licensed to do business in the State of Alabama. Bureaus Investment Group, LLC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), that attempted to collect debts from Stewart and other Alabama consumers through its "master servicer"—The Bureaus, Inc., its Portfolio Defendants (defined below), and their officers, owners and/or members as further described herein. Additionally, Bureaus Investment Group, LLC is the sole member of the Portfolio Defendants described below.

7.    **Portfolio Defendants.** The following Defendants are Illinois limited liability companies that registered as a foreign limited liability company in the State of Alabama on January 11, 2012 unless otherwise noted:

     i.     Bureaus Investment Group Portfolio No. 1, LLC;[2]

     ii.    Bureaus Investment Group Portfolio No. 2, LLC;

     iii.   Bureaus Investment Group Portfolio No. 3, LLC;

     iv.    Bureaus Investment Group Portfolio No. 4, LLC;

     v.     Bureaus Investment Group Portfolio No. 5, LLC;

     vi.    Bureaus Investment Group Portfolio No. 6, LLC;

     vii.   Bureaus Investment Group Portfolio No. 7, LLC;

     viii.  Bureaus Investment Group Portfolio No. 8, LLC;

     ix.    Bureaus Investment Group Portfolio No. 10, LLC; and

---

[2] Bureaus Investment Group Portfolio No. 1, LLC registered as a foreign limited liability company on April 12, 2010.

    x. Bureaus Investment Group Portfolio No. 11, LLC.

Each of these Defendants listed above are referred to collectively as "**Portfolio Defendants**." The Portfolio Defendants are "debt collectors" as defined by the FDCPA. 15 U.S.C. § 1692a(6). Each transacted business in the State of Alabama prior to registering as a foreign limited liability company; each has routinely attempted to collect debts in Alabama, filed and/or maintained debt collection suits in Alabama against Alabama consumers prior to qualifying to do business in the State of Alabama, registering to do business in the State of Alabama and/or without the legal right to do so.

    8. Defendant, The Bureaus, Inc., is an Illinois corporation that registered as a foreign corporation in the State of Alabama on July 8, 2002, and is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6). The Bureaus, Inc. acted as the "master servicer" and handled the affairs of Bureaus Investment Group, LLC and the Portfolio Defendants. Bureaus Investment Group, LLC and the Portfolio Defendants could only act through The Bureaus, Inc., Michael Slotky, Burton Slotky and/or Aristotle Sangalang since neither Bureaus Investment Group, LLC nor the Portfolio Defendants either has or had any employees.

    9. Defendant, Michael Slotky, is an individual believed to be over the age of 19 and to be residing in Illinois. Michael Slotky regularly and routinely personally authorized The Bureaus, Inc. to initiate collection activity (including

litigation) on behalf of himself, the Portfolio Defendants, and/or Bureaus Investment Group, LLC using false names and false corporate designations. Michael Slotky regularly and routinely personally authorized collection activity (including litigation) against Alabama consumer debtors on behalf of the Portfolio Defendants and/or Bureaus Investment Group, LLC prior to those entities being registered as foreign limited liability companies in the State of Alabama. Additionally, Michael Slotky is the past President, current CEO, and partial owner of The Bureaus, Inc.; he currently owns a 50% interest The Bureaus, Inc. and a 40% interest in Bureaus Investment Group, LLC.

10. Defendant, Burton Slotky, is an individual believed to be over the age of 19 and to be residing in Illinois. Burton Slotky is believed to have participated in the conduct described herein, Burton Slotky is a partial owner of The Bureaus, Inc.; upon information and belief, he currently owns a 50% interest in The Bureaus, Inc. and a 20% interest in Bureaus Investment Group, LLC.

11. Defendant, Aristotle Sangalang, is an individual believed to be over the age of 19 and to be residing in Illinois. Aristotle Sangalang is the past Vice President and current President of The Bureaus, Inc. Sangalang personally acted as the "appointed designee" of The Bureaus, Inc. and/or the various Portfolio Defendants when he personally authorized The Bureaus, Inc. to initiate collection activity, including litigation, on behalf of the Portfolio Defendants and/or Bureaus

Investment Group, LLC using false names and false corporate designations. Sangalang was involved in most every aspect of the collection activity by the named Defendants against Alabama consumers and acted as a collector, trained collectors and supervised collectors of The Bureaus, Inc., which conducted all of the collection activity and litigation complained of in this Third Amended Complaint.

12.     Defendant, Mark Chambless, is an individual over the age of 19 and residing in Alabama. He is a licensed attorney practicing law in the State of Alabama. At all times relevant hereto, Mark Chambless was in the business of collecting debt throughout the State of Alabama and is a "debt collector" in accordance with 15 U.S.C. § 1692a(6).  Chambless filed and maintained almost 200 collection lawsuits throughout the Alabama state courts against Alabama consumers (including Stewart) on behalf of The Bureaus, Inc., Bureaus Investment Group, LLC and/or the Portfolio Defendants using false names and false corporate designations and, therefore, names other than the true and correct name of the debt collector as the collection-plaintiffs and designating those collection-plaintiffs as a "corporation licensed to do business in the State of Alabama" when they were neither.

13.     Defendant, Chambless Math & Carr P.C. (hereinafter "Chambless-Math, P.C."), is a domestic professional corporation of practicing attorneys who

were in the business of collecting debt throughout the State of Alabama. The debts of Stewart and the putative class members were debts that had been purchased by debt buyers and were delinquent both at the time of purchase by named Defendants and at the time Chambless and Chambless-Math, PC undertook to collect them.

## FACTUAL ALLEGATIONS

**The Bureaus Inc.**

14.    The Bureaus, Inc. acts as a "master servicer," for Bureaus Investment Group, LLC and the Portfolio Defendants and is a "debt collector" as defined by the FDCPA. Portfolio Defendants and Bureaus Investment Group, LLC could only act, and did act, as "debt collectors" as defined by the FDCPA through The Bureaus, Inc. by way of the authorizations and other documents provided and personally signed by Michael Slotky and/or Aristotle Sangalang in their personal capacities.

15.    Upon information and belief, Michael Slotky and Burton Slotky each own a 50% interest in The Bureaus, Inc.

16.    As the "master servicer," The Bureaus, Inc. performs many debt collection functions for Bureaus Investment Group, LLC and the Portfolio Defendants, including, but not limited to, the following:

      i.    Oversees compliance with any licensing and regulatory requirements required to operate the business in the various jurisdictions where they do business or collect debts.

      ii.    Facilitates and/or arranges the purchase of debts for debt collectors and debt-purchasing entities, including, but not limited to, Bureaus Investment Group, LLC and its subsidiary Portfolio Defendants.

      iii.    Runs the day-to-day operations and management of Bureaus Investment Group, LLC, and/or Portfolio Defendants, all of which do not have any employees.

      iv.    Not only assesses potential sellers of debt accounts but also directs at least one of the named Defendants to purchase the debt accounts, for which The Bureaus, Inc. will then act as the "master servicer" on the debt.

17.    Michael Slotky and/or Aristotle Sangalang personally authorized The Bureaus, Inc. to initiate collection activity (including litigation) on behalf of Portfolio Defendants, and/or Bureaus Investment Group, LLC using false names and false corporate designations.

18.    Michael Slotky and/or Aristotle Sangalang provided the collection attorney the name of the client—*e.g.*, Bureaus Investment Group #1, LLC—and informed the collection attorney to initiate suit using the client name provided by

The Bureaus, Inc. as the collection-plaintiff, regularly and routinely providing false names and false corporate designations.

19.    Bureaus Investment Group, LLC and/or Portfolio Defendants were merely "special purpose vehicles" that existed only as a vehicle to receive and/or secure debt at the direction of The Bureaus, Inc.

20.    The named Defendants, including without limitation Michael Slotky, Aristotle Sangalang and The Bureaus, Inc., purchased and transferred and further authorized, verified, presented, provided or filed documents in Alabama state courts and maintained litigation in Alabama state courts under false names and false corporate designations, including without limitation, the following:

    i.    Bureaus Investment Group #1, LLC;

    ii.    Bureaus Investment Group No. 1, LLC;

    iii.    Bureaus Investment Group;

    iv.    Bureaus Investment Group Inc.;

    v.    Bureaus Investment Group Portfolio;

    vi.    Bureaus Investment Group #2, LLC;

    vii.    Bureaus Investment Group No. 2, LLC;

    viii.    Bureaus Investment Group II, LLC;

    ix.    Bureaus Investment Group No. II, LLC;

    x.    B.I.G. No. 2, LLC;

xi.     Bureaus Investment Group #3, LLC;

xii.    Bureaus Investment Group No. 3, LLC;

xiii.   Bureaus Investment Group III, LLC;

xiv.    B.I.G. No. 3, LLC;

xv.     Bureaus Investment Group #4, LLC;

xvi.    Bureaus Investment Group #5, LLC;

xvii.   Bureaus Investment Group No. 5, LLC;

xviii.  Bureaus Investment Group #6, LLC;

xix.    Bureaus Investment Group No. 6, LLC;

xx.     Bureaus Investment Group #7, LLC;

xxi.    Bureaus Investment Group No. 7, LLC;

xxii.   Bureaus Investment Group 7, LLC;

xxiii.  Bureaus Investment Group #8, LLC;

xxiv.   Bureaus Investment Group No. 8, LLC;

xxv.    Bureaus Investment Group No. 10;

xxvi.   Bureaus Investment Group No. 11, LLC; and

xxvii.  Bureaus Investment Group No. 15, LLC.

Each of these false names and false corporate designations are collectively referred

to as **Legally Non-Existent Bureaus**.

21.     Moreover, there is no act done or performed by either Bureaus Investment Group, LLC or the Portfolio Defendants that is not done or performed by The Bureaus, Inc. or at the direction of its officers, owners, members, or shareholders; Michael Slotky, Burton Slotky and/or Aristotle Sangalang.

22.     Upon information and belief, The Bureaus, Inc. receives 32% of all collections it receives on the debts it services.

**Legally Non-Existent Bureaus**

23.     The Legally Non-Existent Bureaus are not a party to this lawsuit in this Complaint. Instead, Michael Slotky, Burton Slotky and/or Aristotle Sangalang authorized The Bureaus, Inc. to purchase, transfer and collect debt on behalf of Portfolio Defendants and/or Bureaus Investment Group, LLC.

24.     The Legally Non-Existent Bureaus are the false names and false designations used by named Defendants during their debt collection activities while purchasing, transferring and collecting debts on behalf of The Bureaus, Inc., Portfolio Defendants, Bureaus Investment Group, LLC, Michael Slotky, Burton Slotky and/or Aristotle Sangalang.

25.     Each of the Legally Non-Existent Bureaus is a false name and/or false corporate designation used by named Defendants in attempts to collect a debt from consumers as defined by the FDCPA in Alabama on behalf of Michael Slotky,

Burton Slotky, Aristotle Sangalang, The Bureaus, Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC.

26.    Each Legally Non-Existent Bureaus is not only a false name and/or false designation, but also each has never existed or registered as a business entity in any jurisdiction in the United States.

27.    Each of the Legally Non-Existent Bureaus is a false name and/or false designation used by named Defendants that have regularly and frequently been used in the purchase, transfer and collection of debts on behalf of Michael Slotky, Burton Slotky, Aristotle Sangalang, The Bureaus, Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC, and these false name and/or false designations appear on some or all of the following documents filed in or presented to Alabama courts and Alabama consumers for purposes of collecting a debt: sworn Authorization and Verification; Affidavit; Application, Affidavit, and Entry of Default; Assignment of Claim; Bill of Sale; Statement of Account; Statement of Claim; Process of Garnishment; post-judgment discovery request; motions; and/or other pleadings.

**Bureaus Investment Group, LLC**

28.    Bureaus Investment Group, LLC is a member-managed limited liability company; Michael Slotky has a 40% membership interest in Bureaus Investment Group, LLC, and Burton Slotky has a 20% membership interest in

Bureaus Investment Group, LLC. Each of the Portfolio Defendants is a member-managed limited liability company with Bureaus Investment Group, LLC as its sole member.

29.     The Bureaus, Inc. manages the day-to-day operations of Bureaus Investment Group, LLC and Defendant Portfolios.

30.     Plaintiffs aver that Bureaus Investment Group, LLC does not have any employees. It is believed that all acts and activity on behalf of Bureaus Investment Group, LLC is performed by or at the direction of Michael Slotky in his individual capacity, as a member of Bureaus Investment Group, LLC, and/or as an officer of The Bureaus, Inc.; Burton Slotky in his individual capacity, as a member of Bureaus Investment Group, LLC, and/or as a part-owner of The Bureaus, Inc.; Aristotle Sangalang, in his individual capacity and/or as an executive of The Bureaus, Inc.; and/or The Bureaus, Inc. at the direction of Michael Slotky, Burton Slotky and/or Aristotle Sangalang.

31.     Bureaus Investment Group, LLC's purpose is to invest in the Portfolio Defendants. It exists solely to receive capital contributions and funnel said capital contributions to Portfolio Defendants to enable Portfolio Defendants to purchase debts, and/or upon information and belief, to receive debt pools and distributed the debts to Portfolio Defendants.

32.     The debts are purchased at the direction of The Bureaus, Inc., which will act as the "master servicer" for the debt accounts. In operation, Bureaus Investment Group, LLC exists to provide contributions to its subsidiary Portfolio Defendants so that The Bureaus, Inc. may act as the "master servicers" of the debt accounts, which is to the benefit of Micheal Slotky, Burton Slotky and/or Aristotle Sangalang personally.

**Portfolio Defendants**

33.     The Portfolio Defendants are member-managed limited liability companies. The sole member of the Portfolio Defendants is Bureaus Investment Group, LLC. As described above, Michael Slotky has a 40% interest in Bureaus Investment Group, LLC, and Burton Slotky has a 20% interest in Bureaus Investment Group, LLC.

34.     None of the Portfolio Defendants have or ever had any employees. Instead, all actions of the Portfolio Defendants are carried out by its sole member—Bureaus Investment Group, LLC—through The Bureaus, Inc., and its members, shareholders, owners, and/or officers, including, without limitation, Michael Slotky, Burton Slotky, and/or Aristotle Sangalang.

35.     The purpose of the Portfolio Defendants is to be a "special purpose vehicle" to collect debts. They receive contributions from Bureaus Investment Group, LLC and/or The Bureaus, Inc. in the form of either money to purchase

debts or they receive debts transferred to them by Bureaus Investment Group, LLC. Whether purchased by Bureaus Investment Group, LLC or its subsidiary portfolios, the debts are purchased at the direction of The Bureaus, Inc., which acts as the "master servicer" for the debt accounts on behalf of the Portfolio Defendants and Bureaus Investment Group, LLC.

36.     Each of the Portfolio Defendants has, via its sole member, Bureaus Investment Group, LLC and its designated "master servicer," The Bureaus, Inc, and its officers, owners, shareholders, designated appointees, members, Burton Slotky. Michael Slotky and/or Aristotle Sangalang filed, signed and/or presented some or all of the following documents to Alabama courts for the purposes of collecting a consumer debt using false names and false designations (i.e., Legally Non-Existent Bureaus): Authorization and Verification; Affidavit; Application, Affidavit, and Entry of Default; Assignment of Claim; Bill of Sale; Statement of Account; Statement of Claim; Process of Garnishment; post-judgment discovery request; motions; and/or other pleadings.

37.     Each of the Portfolio Defendants, through its "master servicer"—The Bureaus, Inc.—its officers, owners, designated appointees and members, Burton Slotky, Michael Slotky, Sangalang and/or Bureaus Investment Group, LLC has initiated and maintained collection lawsuits throughout Alabama against Alabama consumers (including Stewart) without first registering as a foreign limited

15

corporation with the Secretary of State, and has done so using false names and false designations (i.e., Legally Non-Existent Bureaus)[3] and multiple variations thereof.

38.   In operation, the Portfolio Defendants exist only as a shell for the Bureaus Investment Group, LLC to provide contributions so that The Bureaus, Inc. may act as the "master servicer" at the direction and for the benefit of The Bureaus, Inc., and its members, shareholders, owners, and/or officers, including without limitation, Michael Slotky, Burton Slotky, and/or Aristotle Sangalang.

**Michael Slotky, Burton Slotky and Aristotle Sanalang**

39.   Michael Slotky is the past President, current CEO, and partial owner of The Bureaus, Inc. He currently owns a 50% interest of The Bureaus, Inc. and a 40% interest in Bureaus Investment Group, LLC which is the sole member of the Portfolio Defendants.

40.   Burton Slotky is a partial owner of The Bureaus, Inc. Upon information and belief, Burton Slotky currently owns a 50% interest of The Bureaus, Inc. and a 20% interest in Bureaus Investment Group, LLC, which is the sole member of the Portfolio Defendants.

41.   Aristotle Sangalang is the past Vice President and current President of The Bureaus, Inc. Sangalang personally acted as the "appointed designee" of The

---

[3] *See supra* ¶¶ 20, 23-27.

Bureaus, Inc., Bureaus Investment Group, LLC and/or Portfolio Defendants when he personally authorized The Bureaus, Inc. to initiate collection activity, including litigation, on behalf of the Portfolio Defendants and/or Bureaus Investment Group, LLC using false names and false designations (i.e., Legally Non-Existent Bureaus). Sangalang was involved in most every aspect of the collection activity by the named Defendants against Alabama consumers and acted as a collector, trained collectors and supervised collectors of The Bureaus, Inc., which conducted all of the collection activity and litigation complained of in this Third Amended Complaint.

42.   On numerous occasions, Michael Slotky personally swore to Authorization and Verification forms and Affidavits on behalf of Portfolio Defendants and/or Bureaus Investment Group, LLC regularly and routinely using false names and false designations (i.e., Legally Non-Existent Bureaus). In doing so, he authorized The Bureaus, Inc. to initiate collection activity on behalf of Portfolio Defendants and/or Bureaus Investment Group, LLC using false names and false designations (i.e., Legally Non-Existent Bureaus).

43.   The Authorization and Verification forms verified the debtor, verified the debt, and authorized collection activity, and almost always did so using false names and false designations (i.e., Legally Non-Existent Bureaus). For the most part, The Authorization and Verification forms verified the debtor, verified the

debt, and authorized the collection activity prior to Bureaus Investment Group, LLC's or Portfolio Defendants' registration as foreign limited liability companies in the State of Alabama.

44.   Similarly, Aristotle Sangalang personally swore to Authorization and Verification forms and Affidavits on behalf of Portfolio Defendants and/or Bureaus Investment Group, LLC using false names and false designations (i.e., Legally Non-Existent Bureaus). In doing so, he authorized The Bureaus, Inc. to initiate collection activity on behalf of Portfolio Defendants and/or Bureaus Investment Group, LLC using false names and false designations (i.e., Legally Non-Existent Bureaus).

45.   The Authorization and Verification forms verified the debtor, verified the debt, and authorized collection activity, and almost always did so using false names and false designations (i.e., Legally Non-Existent Bureaus). For the most part, The Authorization and Verification forms verified the debtor, verified the debt, and authorized the collection activity prior to Bureaus Investment Group, LLC's or Portfolio Defendants' registration as foreign limited liability companies in the State of Alabama.

## Mark Chambless and Chambless-Math, P.C.

46.    Chambless and Chambless-Math, PC filed collection lawsuits against consumers in Alabama on behalf of The Bureaus, Inc., Bureaus Investment Group, LLC and/or the Portfolio Defendants, using false names and false designations (i.e., Legally Non-Existent Bureaus).

47.    Chambless and Chambless-Math, PC, using the false names and false designations (i.e., Legally Non-Existent Bureaus), represented Portfolio Defendants and/or Bureaus Investment Group, LLC to be "a corporation licensed to do business in the State of Alabama." At all times relevant hereto, the collection-plaintiff designated by Chambless and Chambless-Math, PC was neither a corporation nor licensed with the State of Alabama. Chambless and Chambless-Math, PC maintained the collection lawsuits to judgment and continued to file pleadings in those suits (including post-judgment proceedings) in the name of Legally Non-Existent Bureaus, using false names and false corporate designations, which were misrepresented as registered, existing corporate entities. The names and corporate designations used were not the true and correct names and designations of the collector.

48.    Chambless and Chambless-Math, PC filed in excess of 150 identical collection lawsuits against consumer debtors throughout the state of Alabama,

using false names and false corporate designations (i.e., Legally Non-Existent Bureaus).[4]

49.    The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, Bureaus Investment Group LLC and/or Portfolio Defendants provided such names to Chambless and Chambless-Math, PC for the purpose of pursuing litigation. Each collection-complaint and subsequent pleadings filed in the lawsuits (including post-judgment proceedings) denominated the collection-plaintiff as a non-existent entity and designated them as a limited liability corporation.  In each collection-complaint, Chambless and Chambless-Math, PC reiterated that the collection-plaintiff was "a corporation licensed to do business in the state of Alabama."  The collection-plaintiffs were neither a legal entity nor licensed to do business in the state of Alabama; instead, they were false names and false corporate designations (i.e., Legally Non-Existent Bureaus) used to collect debts for The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, Bureaus Investment Group LLC and/or Portfolio Defendants.

50.    Chambless and Chambless-Math, PC also filed various pleadings and forms in furtherance of the prosecution of the collection suits, including, without limitation, "Application, Affidavit and Entry of Default" and/or "Notice of

---

[4] *See supra* ¶¶ 20, 23-27.

Consent Judgment" forms using the using false names and false designations (i.e., Legally Non-Existent Bureaus).

51.     Additional documents were filed by Chambless and Chambless-Math, P.C., in furtherance of the prosecution of the collection lawsuits, using false names and false designations (i.e., Legally Non-Existent Bureaus) on various documents and forms, including without limitation "Authorization and Verification" forms, bills of sale, debt assignments, and affidavits and forms in the name of Legally Non-Existent Bureaus.

52.     Chambless and Chambless-Math, PC also filed post-judgment proceedings, renewal of judgment motions, garnishment proceedings, post-judgment discovery, and/or other post-judgment proceedings on behalf of The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, Bureaus Investment Group LLC and/or Portfolio Defendants while using false names and false corporate designations (i.e., Legally Non-Existent Bureaus). This occurred as late as 2013; long after being made aware of the claims involved in this lawsuit.

**Plaintiff Allie Stewart**

53.     On or about May 22, 2008, "Bureaus Investment Group #1, LLC" filed a collection suit against Stewart in Macon County, Alabama, Civil Action No. CV-2008-0829, seeking $15,120.25, plus costs and interest by virtue of contract,

open account, and account stated. Defendant, Mark Chambless of Defendant Chambless Math, PC, filed the complaint.

54.    The complaint stated, "Bureaus Investment Group #1, LLC" was "a corporation licensed to do business in the State of Alabama." Bureaus Investment Group #1, LLC, was not a corporation (nor any other form of legal entity) nor was it licensed to do business in the State of Alabama.

55.    On or about November 28, 2008, Stewart received a letter from Defendant, The Bureaus, Inc., indicating that Stewart had a balance of $14,923.21 remaining on the account. The letter listed Bureaus Investment Group Portfolio No.1, LLC as the "client" and not Bureaus Investment Group #1, LLC, the entity that was prosecuting the lawsuit.

56.    "Bureaus Investment Group #1, LLC", by and through Chambless, continued to prosecute the Stewart lawsuit to a consent judgment, which was eventually set aside.

## CLASS ALLEGATIONS

57.    Plaintiff adopts and re-alleges Paragraphs 1-56 of this Complaint as if set forth herein in their entirety.

58.    Stewart brings this action pursuant to Federal Rule of Civil Procedure 23 on her own behalf and as a representative of all others who are similarly situated and who fall within the following Class Definition:

i.   Individuals sued in the State of Alabama in lawsuits that were either brought or authorized by a named Defendant using a false name or false corporate designation where the lawsuit was either dismissed or rendered to judgment between January 2002 and December 2012.

a.   A subclass of this class would include those individuals within the above class wherein the collection complaint it was represented that the lawsuit was brought by an existing entity that was either qualified or registered to do business in the State of Alabama prior to the entity being qualified or authorized to do business in the State of Alabama;

1.  A subclass of this class would include those individuals within the above class who had the lawsuit against them dismissed;

2.  A subclass of this class would include those individuals within the above class who had the lawsuit against them rendered to judgment;

b.   A subclass of this class would include those individuals within the above class wherein the collection complaint was brought under a false name or false corporate designation

    1.  A subclass of this class would include those individuals within the above class who had the lawsuit against them dismissed;

    2.  A subclass of this class would include those individuals within the above class who had the lawsuit against them rendered to judgment;

ii.    Individuals of the State of Alabama who had a judgment against them, entered into a settlement or were otherwise required to pay a named Defendant using a false name or false corporate designation and a named Defendant has collected, is collecting or is able to collect in the future;

    a.  A subclass of this class would include those individuals within the above class who were subject to collection activity by a named Defendant using a false name or false corporate designation by a settlement or consent judgment.

    b.  A subclass of this class would include those individuals within the above class who were subject to collection activity by a named Defendant using a false name and/or false designation in post-judgment proceedings.

59.     As a matter of routine practice, named Defendants have maintained actions, lawsuits, or proceedings throughout numerous courts in Alabama against consumers in an attempt to collect a debt without having the legal right to do so.

60.     As a matter of routine practice, Defendants have maintained actions, lawsuits, or proceedings throughout numerous courts in Alabama against consumers in an attempt to collect a debt on behalf of The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, Bureaus Investment Group LLC and/or Portfolio Defendants while using false names and/or false designation, as described herein, in an attempt to collect a debt.

61.     As a matter of routine practice, Defendants have maintained actions, lawsuits, or proceedings throughout numerous courts in Alabama against consumers in an attempt to collect a debt using a false name and/or false designation of limited liability companies and/or corporations that neither exist nor existed in any jurisdiction in the United States.

62.     Plaintiff avers that there are questions of law and fact common to the class as set out in this Complaint hereafter.

63.     Plaintiff further avers that her claims as representative of the class are typical of the claims of the class.

64.     Plaintiff further avers that, in her representative capacity, she will fairly and adequately protect the interests of the class.

65.     On information and belief, Plaintiff alleges that the class members are so numerous that joinder of all members is impracticable. Based on filings stated on Alacourt, Plaintiff estimates that the class includes in excess of two hundred members throughout the State of Alabama.

66.     There are issues of law and fact common to the classes; common issues predominate over any issues peculiar to individual class members.

67.     Among others, the common issues include:

i.     Whether transacting business and/or maintaining actions, lawsuits, or proceedings to collect a debt without registering with the State of Alabama is legal and/or violates the FDCPA;

ii.     Whether transacting business and/or maintaining actions, lawsuits, or activities to collect a debt while using a false name and/or false designation of limited liability companies and/or corporations that are not incorporated in any jurisdiction or otherwise do not exist is legal and/or violates the FDCPA;

iii.     Whether stating a plaintiff in a debt collection lawsuit is a corporation licensed to do business within the State of Alabama when they were not is legal and/or violates the FDCPA; and

    iv.    Whether authorizing a debt collector to perform debt collection activity under a false name and/or false designation is legal and/or violates the FDCPA.

68.    Plaintiff's claims are typical and common to those of the class members. All of the claims are based on substantially similar facts and legal theories.

69.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel with experience in prosecuting class action claims. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action.

70.    The class expressly excludes all persons who have filed for Bankruptcy or who have claims related to this suit that are or were subject to a bankruptcy proceeding.

71.    Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because the questions of law and fact common to the members of the classes predominate over any questions affecting an individual member; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

72.    With respect to the classes described above, Plaintiff avers that a class action is superior to other available methods for the fair and efficient adjudication

of the controversy because, inter alia: (a) the commonality of issues of law and fact, as well as the relatively small sums extracted from each class member, substantially diminish the interest of class members from individually controlling the prosecution of separate actions; (b) many of the class members are unaware of their rights to prosecute and do not have either the means or resources to secure legal assistance; (c) there has been little litigation already commenced by class members to determine the questions presented; (d) it is desirable that the claims be concentrated in this forum due to the fact that the Defendants are believed to filed similar claims against class members throughout the State of Alabama; and (e) a class action can be managed without undue difficulty since the Defendants have regularly committed the violations complained of herein, and are required to have records of their dealings with each class member.

73.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendants have acted on grounds generally applicable to the class thereby making declaratory relief appropriate with respect to the class as a whole.

## TOLLING THE STATUTE OF LIMITATIONS

74.    Equitable tolling is proper because, in pursuing their rights diligently, extraordinary circumstances stood in the way of putative class members discovering their cause of action. Plaintiff and putative class members exercised

reasonable diligence in attempting to discover their cause of action, and even when exercising reasonable diligence, it is unlikely Plaintiff and putative class members would discover their cause of action. A reasonably diligent search of the public record would be of limited usefulness in this case. While it might have demonstrated that the collection-plaintiffs were not registered to do business in Alabama, it would not have revealed that Legally Non-Existent Bureaus were false names and false corporate designations that did not exist in any jurisdiction in the United States.

75.    Additionally, permitting equitable tolling in this case would not prejudice Defendants because they verified of documents using false names and false corporate designations, they filed the falsified documents in the state-court actions, and they did so knowing the falsity of the name and corporate designation. The fact that these documents were filed in state courts gave validity to them. Moreover, the widespread nature of Defendants' actions and the rampant misuse of the Alabama state-court system renders the putative class members' reliance on the representations in Defendants' documents filed in Alabama courts reasonable and thus their ignorance of a cause of action was reasonable. Based on the foregoing, Plaintiff and putative class members assert the equitable tolling of any applicable statutes of limitations affecting the claims by Plaintiff and class members.

**COUNT I**
**FDCPA Violations**
(Chambless and Chambless-Math, P.C.)

76.     Plaintiff adopts and re-alleges Paragraphs 1-75 of this Complaint as if set forth herein in their entirety.

77.     Chambless and Chambless-Math, PC filed approximately 200 collection complaints in more than 45 counties in the state of Alabama, inclusive of the lawsuits filed against the individual Plaintiff, Stewart.  Each complaint was brought on behalf of The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, Bureaus Investment Group LLC and/or Portfolio Defendants using a false name and/or false corporate designation (i.e., Legally Non-Existent Bureaus).

78.     Every complaint stated that the consumer-plaintiff was a "corporation licensed to do business in the state of Alabama. Not one of false names and/or false corporate designations (i.e., Legally Non-Existent Bureaus) is a corporation or licensed to do business in Alabama nor any other jurisdiction in the United States.

79.     Chambless and Chambless-Math, P.C. filed various other pleadings, forms, documents and post-judgment proceedings in the collection lawsuits using false names and false corporate designations (i.e., Legally Non-Existent Bureaus).

80.     Those filings included, without limitation, motions for default judgments, consent judgments, "Authorization and Verification" forms, bills of sale, debt assignments, affidavits, account statements, renewal of judgment

motions, garnishment proceedings, post-judgment discovery and/or other post-judgment proceedings.

81.   Conducing the aforementioned collection activity using false names and false corporate designations constitutes the use of a business, company or organization name other than the true name of the debt collectors business, company or organization to collect a debt and violates 15 USC 1692e(14).

82.   Submitting pleadings, forms and documents using the false names and false corporate designations (i.e., Legally Non-Existent Bureaus) to prosecute collection lawsuits, collect on collection suit judgments and conduct post-judgment proceedings constitutes the use of a business, company or organization name other than the true name of the debt collectors business, company or organization to collect a debt and violates 15 USC 1692e(14).

83.   Filing collection lawsuits, subsequent pleadings, and/or post-judgment proceedings using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) constitutes a false representation of the character or legal status of the debt as being a debt owned by a corporation when it is not and thus violates 15 USC 1692e(A).

84.   Filing collection lawsuits on using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) stating that they are licensed to do business in the state of Alabama makes a false representation of the character or

legal status of the debt as being a debt owned by an entity that was licensed to do business in Alabama when it was not and thus violates 15 USC 1692e(A).

85.    Filing collection lawsuits using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) and stating that it is licensed to do business in the state of Alabama when it is not violates 15 USC 1692e(1) by falsely representing or implying that the consumer-plaintiff was "vouched for, bonded by or affiliated" with the state of Alabama. Such conduct also constitutes the use or distribution of a written communication that falsely represents it to be authorized or approved by an official or agency of the state of Alabama and thus violates 15 USC 1692e(9).

86.    Chambless and Chambless-Math PC used form complaints, "Authorization and Verification" forms, "Application, Affidavit and Entry of Default" forms, form collection letters, form bills of sale, assignments of debt forms, and "Statement of Account" forms, with the knowledge that such a form would be used to create the false belief in a consumer (and the Courts) that an entity other than the owner of the debt was participating in the collection of the debts, when no such entity existed because it used false names and false corporate designations (i.e., Legally Non-Existent Bureaus). Such practice and custom violates 15 USC 1692j.

87.     The above practices and customs set out in Paragraphs 76-86 further violate the FDCPA as follows:  15 USC 11692d, which prohibits any debt collector from engaging in any conduct the consequence of which is to oppress or abuse any person in connection with the collection of the debt; 15 USC 1692(e)(10), which prohibits the use of any false representation or deceptive means to collect a debt; and 15 USC 1692(f), which prohibits a debt collector from using any unfair or unconscionable means to collect a debt.

88.     As a result of these violations of the FDCPA, Stewart and putative class members incurred actual damages in the form of monetary loss, physical stress and mental anguish.

89.     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692k provides civil liability for violation of the FDCPA's provisions. The FDCPA, at 15 U.S.C. §§ 1692k(1) and (2), provides for actual damages and statutory damages of $1,000. In addition, the FDCPA allows for damages of $500,000 or 1% the net worth of the debt collector in the case of a class action 15 U.S.C. §1692k(2) (B).

**COUNT II**
**FDCPA Violation**
(Portfolio Defendants, Bureaus Investment Group, LLC, The Bureaus, Inc.,
Michael Slotky, Burton Slotky, and Aristotle Sangalang)

90.     Plaintiff adopts and re-alleges Paragraphs 1-89 of this Complaint as if set forth herein in their entirety.

91.     Neither Portfolio Defendants nor Bureaus Investment Group, LLC have any employees. The sole member of Portfolio Defendants is Bureaus Investment Group, LLC. Michael Slotky and Burton Slotky collectively own 60% of Bureaus Investment Group, LLC.

92.     All activity conducted by or on behalf of Portfolio Defendants, Bureaus Investment Group, LLC and/or The Bureaus, Inc. using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) was and is performed by or at the direction of Michael Slotky, Aristotle Sangalang and/or Burton Slotky, individually or via The Bureaus Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC

93.     At the direction of Michael Slotky, Burton Slotky and/or Aristotle Sangalang, Portfolio Defendants, Bureaus Investment Group, LLC and/or The Bureaus, Inc. filed collection lawsuits against Plaintiff and putative class members using false names and false corporate designations (i.e., Legally Non-Existent Bureaus). Identically, approximately 200 collection lawsuits were filed against the putative class members on behalf of Portfolio Defendants, Bureaus Investment Group, LLC and/or The Bureaus, Inc., and at the direction of Michael Slotky, Burton Slotky and/or Aristotle Sangalang using false names and false corporate designations (i.e., Legally Non-Existent Bureaus).

94.    All of the collection lawsuits that were filed against Plaintiff and the putative class members were filed by or on behalf of Portfolio Defendants, Bureaus Investment Group, LLC, The Bureaus, Inc., and/or its agents using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) and/or were maintained by the other named Defendants before they were registered to do business in Alabama.

95.    The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, Bureaus Investment Group LLC, and/or Portfolio Defendants, personally or through their agents, directed the collection-plaintiff names that were to be used when the lawsuits were filed. The collection-plaintiff names were false names and/or false corporate designations (i.e., Legally Non-Existent Bureaus).

96.    At least 150 of the lawsuits stated the collection-plaintiffs were corporations licensed to do business in the state of Alabama. At that time and at all times relevant hereto, the collection-plaintiffs, Bureaus Investment Group, LLC and/or the Portfolio Defendants, were not corporations licensed to business in the state of Alabama.

97.    Various other pleadings, forms and documents were mailed or filed in furtherance of the collection lawsuits and other proceedings using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) and various mutations of those names. They included, without limitation, motions for default

judgments, consent judgments, "Authorization and Verification" forms, bills of sale, debt assignments, affidavits, account statements, renewal of judgment motions, garnishment proceedings, post-judgment discovery and/or other post-judgment proceedings.

98.    Michael Slotky and Aristotle Sangalang personally swore to "Authorization and Verification" forms and affidavits using false names and false corporate designations (i.e., Legally Non-Existent Bureaus), designating them as limited liability companies in an attempt to collect a debt.

99.    Filing collection lawsuits using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) constitutes the use of a business, company or organization name other than the true name of the debt collectors business, company or organization to collect a debt and violates 15 USC 1692e(14).

100.    Submitting and mailing other pleadings, forms and documents using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) to prosecute collection lawsuits and in other proceedings constitutes the use of a business, company or organization name other than the true name of the debt collectors business, company or organization to collect a debt and violates 15 USC 1692e(14).

101.   Filing collection lawsuits, subsequent pleadings and post-judgment proceedings using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) is a false representation of the character or legal status of the debt as being a debt owned by a corporation when it is not and thus violates 15 USC 1692e(A).

102.   Filing collection lawsuits using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) stating that they are licensed to do business in the state makes a false representation of the character or legal status of the debt as being a debt owned by an entity that was licensed to do business in Alabama when it was not and thus violates 15 USC 1692e(A).

103.   Filing collection lawsuits in the name of Portfolio Defendants and/or Bureaus Investment Group, LLC, using false names and false corporate designations, while stating it is a corporation licensed to do business in the state when it is not violates 15 USC 1692e(1) by falsely representing or implying that the consumer-plaintiff was "vouched for, bonded by or affiliated with the state of Alabama." Such conduct also constitutes the use or distribution of a written communication that falsely represents it to be authorized or approved by an official or agency of the state of Alabama and thus violates 15 USC 1692e(9).

104.   At the direction of Michael Slotky, Burton Slotky, The Bureaus, Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC, used false names

and false corporate designations (i.e., Legally Non-Existent Bureaus) in form complaints, "Authorization and Verification" forms, form collection letters, form bills of sale, assignments of debt forms, engagement letters and/or "Statement of Account" forms with the knowledge that such a form would be used to create the false belief in a consumer (and Courts) that an entity other than the owner of the debt was participating in the collection of the debts, when no such entity existed. Such practice and custom violates 15 USC 1692j.

105.   The above practices and customs set out in Paragraphs 90-104 further violate the FDCPA as follows:  15 USC 11692d which prohibits any debt collector from engaging in any conduct the consequence of which is to oppress or abuse any person in connection with the collection of the debt; 15 USC 1692(e)(10) which prohibits the use of any false representation or deceptive means to collect a debt; and 15 USC 1692(f) which prohibits a debt collector from using any unfair or unconscionable means to collect a debt.

106.   As a result of these violations of the FDCPA Stewart and putative class members incurred actual damages in the form of monetary loss, physical stress and mental anguish.

107.   The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692k provides civil liability for violation of the FDCPA's provisions. The FDCPA, at 15 U.S.C. §§ 1692k(1) and (2), provides for actual damages and statutory damages of $1,000.

In addition, the FDCPA allows for damages of $500,000 or 1% the net worth of the debt collector in the case of a class action 15 U.S.C. §1692k(2) (B).

## COUNT III
### Wanton and/or Intentional Conduct
(All Defendants)

108.   Plaintiff adopts and re-alleges Paragraphs 1-107 of this Complaint as if set forth herein in their entirety.

109.  Defendant, The Bureaus, Inc., as "master servicer," as more thoroughly described above, engaged in the conscious and deliberate production and delivery of false and/or misleading debt collection letters and/or forms to Plaintiff, class members and others in an attempt to collect on debt allegedly owed to the Bureaus Investment Group, LLC, The Bureaus, Inc. and/or Portfolio Defendants.

110.  The Bureaus, Inc., wantonly and/or intentionally produced and delivered debt collection letters that failed to identify the true and/or correct debt holder using a false name and false corporate designation although the Legally Non-Existent Bureaus were not and are not a legal entity in any jurisdiction.

111.  Defendants, Mark Chambless and Chambless-Math, P.C., as attorneys, agents and/or representatives of The Bureaus Inc., Bureaus Investment Group, LLC, Michael Slotky, Burton Slotky, Aristotle Sangalang, and/or Portfolio Defendants, engaged in the conscious and deliberate filing of court documents

indicating that the collection-plaintiff was "a corporation licensed to do business in the State of Alabama." However, the collection-plaintiff was neither a corporation (and many times not any other business entity) nor licensed to do business in the State of Alabama.

112. Defendants, Mark Chambless and Chambless-Math, P.C., as attorneys, agents and/or representatives of The Bureaus Inc., Bureaus Investment Group, LLC, Michael Slotky, Burton Slotky, Aristotle Sangalang, and/or Portfolio Defendants, engaged in the conscious and deliberate initiation and/or maintenance of lawsuits using false names and false corporate designations (i.e., Legally Non-Existent Bureaus) which were not the true or correct debt holders. Moreover, the documents filed to initiate and/or support the lawsuits and further collection activity or proceedings—*e.g.*, sworn authorizations and verifications, affidavits, applications for defaults—wantonly and/or intentionally contained false, misleading and deceptive information of the identity or existence of the debt holder and the Alabama corporate status of the entity maintaining the lawsuit.

113. Defendants, The Bureaus Inc., Bureaus Investment Group, LLC, Michael Slotky, Burton Slotky, Aristotle Sangalang, and/or Portfolio Defendants authorized Mark Chambless and Chambless-Math, P.C. to act as their attorneys. Thus, such Defendants are liable for the acts of Mark Chambless and Chambless-

Math, P.C., through the doctrines of authority, agency, vicarious liability, respondent superior, and other doctrines.

114.   Defendants, Michael Slotky and/or Aristotle Sangalang, on behalf of The Bureaus, Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC, engaged in the conscious and deliberate signing, contracting and effectuating of false, misleading or deceptive documents on behalf of The Bureaus, Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC. In an effort to support their lawsuits, such documents consistently and routinely were signed by Michael Slotky and/or Aristotle Sangalang authorizing The Bureaus, Inc. to collect debts using false names and false corporate designations (i.e., Legally Non-Existent Bureaus).

115.   The Portfolio Defendants, through a cabal existing with Bureaus Investment Group, LLC, The Bureaus, Inc., Michael Slotky, Burton Slotky, Aristotle Sangalang, Mark Chambless, Chambless-Math, P.C. and their agents, servicers, affiliates and/or "designated appointees," engaged in the conscious and deliberate wrongful attempts to collect debts in Alabama and filed and/or maintained debt collection suits in Alabama prior to either qualifying or registering to do business in the State of Alabama.

116.   Collectively, Defendants knew their actions were designed to produce financial losses to Plaintiff and putative class members by having judgments entered against them or suffering perpetrated civil prosecution.

117.   As a proximate result of said wanton and/or intentional conduct, Plaintiff and putative class members have, without limitation, been subjected to the default judgments, consent judgments, judgments by trial, recorded and renewed judgments, writ of executions, garnishments, post-judgment discovery, post-judgment proceedings and payments of money.

118.   As a proximate result of the wanton and/or intentional conduct, Plaintiff and putative class members incurred actual damages in the form of monetary loss, physical stress and mental anguish.

## COUNT IV
## Assumpsit/Account (Money had and Received)
(All Defendants)

119.   Plaintiff adopts and re-alleges Paragraphs 1-118 of this Complaint as if set forth herein in their entirety.

120.   Plaintiff avers that Defendants, The Bureaus Inc., Bureaus Investment Group, LLC, Mark Chambless, Chambless-Math, PC, Micheal Slotky, Burton Slotky, Aristotle Sangalang and/or Portfolio Defendants have collected sums of money on void judgments from Plaintiff and putative class members, to which they were not entitled for the reasons set forth herein, and thereby claim

assumpsit/account and money had and received. Thus, Defendants should be ordered to return said monies, with interest, to Plaintiff and class members

121.   As a proximate result of the above conduct, Plaintiff and putative class members incurred actual damages in the form of monetary loss, physical stress and mental anguish.

## COUNT V
### Negligent, Reckless and/or Wanton Training, Monitoring and/or Supervision
(The Bureaus Inc., Bureaus Investment Group, LLC, Portfolio Defendants, Chambless-Math, PC, Michael Slotky, Burton Slotky, and/or Aristotle Sangalang)

122.   Plaintiff adopts and re-alleges Paragraphs 1-121 of this Complaint as if set forth herein in their entirety.

123.   Defendants, The Bureaus Inc., Bureaus Investment Group, LLC, Portfolio Defendants, Chambless-Math, PC, Michael Slotky, Burton Slotky, and/or Aristotle Sangalang failed to train, monitor and/or supervise its members, "designated appointees," agents, servicers, subsidiaries, officers and/or employees to avoid the conduct as described herein and to prevent the implementation of practices, procedures and customs that led to Plaintiff and putative class members suffering perpetrated civil prosecution and having judgments entered against them by non-existent entities or in the false name and false corporate designation of such entity.

124.   Defendants, The Bureaus Inc., Bureaus Investment Group, LLC, Portfolio Defendants, Chambless-Math, PC, Michael Slotky, Burton Slotky, and/or Aristotle Sangalang knew or should have known of the incompetency, carelessness, indifference, heedlessness and/or recklessness of their "designated appointees," agents, attorneys, servicers, subsidiaries, officers and/or employees had they exercised due and proper diligence.

125.   Defendants, The Bureaus Inc., Bureaus Investment Group, LLC, Chambless-Math, PC, Michael Slotky, Burton Slotky, and/or Aristotle Sangalang implementation of the practices, policies and customs which led to the perpetrated civil prosecution and judgments under false names and false corporate designations created a culture of incompetency, carelessness, indifference, heedlessness and recklessness by and through their "designated appointees", agents, attorneys, servicers, subsidiaries, officers and/or employees.

126.   As a proximate result of the negligent, reckless and/or wanton training, monitoring and/or supervision, Plaintiffs and putative class members incurred actual damages in the form of monetary loss, physical stress and mental anguish.

## COUNT VI
### Pre-Incorporation, Pre-formation Transaction, Promoter Liability and/or Agency Liability for Acts on Behalf of Unincorporated Bureaus
(Michael Slotky and/or Aristotle Sangalang)

127.   Plaintiff adopts and re-alleges Paragraphs 1-126 of this Complaint as if set forth herein in their entirety.

128.   Any person either transacting business of a limited liability company prior to filing a certificate of formation or acting as a limited liability company without the authority to do so "shall be jointly and severally liable for any debts or liabilities" created by their actions. *See* Ala. Code §§ 10a-5-1.05 and 2.05.

129.   Similarly, any person acting on behalf of a corporation prior to its incorporation is jointly and severally liable for the debts and liabilities created by their acts. *See* Ala. Code § 10A-2-2.04.

130.   Additionally, an agent for a non-existent principal is personal liable for acts undertaken on behalf of that non-entity.

131.   On numerous occasions, Michael Slotky and/or Aristotle Sangalang personally swore to Authorization and Verification forms and Affidavits using false names and false corporate designations (i.e., Legally Non-Existent Bureaus). The Authorization and Verification forms verified the debtor, verified the Debt, and authorized collection activity, and these forms routinely did so in the name of Legally Non-Existent Bureaus, using false names and false corporate designations.

132.   The Legally Non-Existent Bureaus are not incorporated (or registered as a business entity) in any jurisdiction in the United States.

133.   As a proximate result of their actions alleged herein, Michael Slotky and/or Aristotle Sangalang are jointly and severally liable for violations of the FDCPA and state laws as alleged herein. Therefore, Michael Slotky and/or Aristotle Sangalang are jointly and severally liable for the violations of the FDCPA and state laws by authorizing the purchase, transfer and collection of debts of The Bureaus, Inc., Bureaus Investment Group, LLC and/or Portfolio Defendants under false names and false corporate designations.

## COUNT VII
### Pre-Incorporation, Pre-formation Transaction, Promoter Liability and/or Agency Liability for Acts on Behalf of Unincorporated Bureaus
(The Bureaus, Inc.)

134.   Plaintiff adopts and re-alleges Paragraphs 1-133 of this Complaint as if set forth herein in their entirety.

135.   Any person either transacting business of a limited liability company prior to filing a certificate of formation or acting as a limited liability company without the authority to do so "shall be jointly and severally liable for any debts or liabilities" created by their actions. *See* Ala. Code §§ 10a-5-1.05 and 2.05.

136.   Similarly, any person acting on behalf of a corporation prior to its incorporation is jointly and severally liable for the debts and liabilities created by their acts. *See* Ala. Code § 10A-2-2.04.

137.   Additionally, an agent for a non-existent principal is personally liable for acts undertaken on behalf of that non-entity. In other words, a person who executes a contract before the corporation is formed is usually personally liable on the contract, even though the contract was executed on behalf of the corporation.

138.   The Bureaus, Inc. contracted with collection attorneys to collect debts it was allegedly authorized to collect on behalf of Portfolio Defendants and/or Bureaus Investment Group, LLC. In doing so, The Bureaus, Inc. used false names and false corporate designations (i.e., Legally Non-Existent Bureaus) in connection with collecting the debts.

139.   The Bureaus, Inc. directed collection attorneys to initiate suit using the name provided by The Bureaus, Inc. as the collection-plaintiff, and The Bureaus, Inc. routinely provided false names and false corporate designations.

140.   As a proximate result thereof, The Bureaus, Inc. caused Plaintiff and putative class members to incur actual damages in the form of monetary loss, physical stress and mental anguish.

141.   As a proximate result of its actions alleged herein, The Bureaus, Inc. is liable for violations of the FDCPA and state laws as alleged herein. Therefore, The Bureaus, Inc. is liable for the violations of the FDCPA and state laws by initiating the collection of debts under false names and false corporate designations.

## COUNT VIII
## Central Figure Liability
(Michael Slotky and/or Aristotle Sangalang)

142.   Plaintiffs adopt and re-allege Paragraphs 1-141 of this Complaint as if set forth herein in their entirety.

143.   When a person is "a central figure in tortious conduct, or when he authorizes, participates and approves of that conduct, he is subject to liability based upon that conduct."[5] This liability theory "does not depend upon the same grounds as piercing the corporate veil, that is, inadequate capitalization, use of the corporate form for fraudulent purposes, or failure to comply with formalities of organization." *Id.* Instead, "the officer or director is liable as an actor, not an owner." *Id.* The only predicate for "operator liability" is the individual's participation in wrongful acts.[6]

144.   Defendant The Bureaus, Inc. operates a "master servicer" for all other Bureaus entities, such as Bureaus Investment Group, LLC and Portfolio Defendants.

145.   Bureaus Investment Group, LLC does not have any employees; Michael Slotky and Burton Slotky have a 60% majority interest in Bureaus

---

[5] *Citronelle-Mobile Gathering, Inc. v. O'Leary*, 499 F. Supp. 871, 881 (S.D. Ala. 1980) *aff'd as modified sub nom. Citronelle-Mobile Gathering, Inc. v. Edwards*, 669 F.2d 717 (Temp. Emer. Ct. App. 1982) (citing *L.C.L. Theatres, Inc. v. Columbia Pictures Ind., Inc.*, 619 F.2d 455 (5th Cir. 1980)).
[6] *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978).

Investment Group, LLC. Portfolio Defendants are subsidiaries of Bureaus Investment Group, LLC.

146. Because The Bureaus, Inc. is the only Bureaus entity with any employees, it is believed that all acts and activity performed on behalf of Bureaus Investment Group, LLC and Portfolio Defendants is conducted by:

i. Michael Slotky in his individual capacity; as an officer and part-owner of The Bureaus, Inc.; as a member and part-owner of Bureaus Investment Group, LLC; and/or as a member of and part-owner of Portfolio Defendants' only member;

ii. Burton Slotky in his individual capacity due to his activity in an advisory capacity for the daily operations of The Bureaus, Inc.; as an officer and part-owner of The Bureaus, Inc.; as a member and part-owner of Bureaus Investment Group, LLC; and/or as a member of and part-owner of Portfolio Defendants' only member; and

iii. Aristotle Sangalang in his individual capacity; as the past vice president; the current President of The Bureaus, Inc.; and in his role as the "appointed designee" of The Bureaus, Inc., designating him to act on behalf of the "clients" of The Bureaus, Inc. that include Portfolio Defendants and Bureaus Investment Group, LLC

147.   Bureaus Investment Group, LLC's purpose is to invest in the Portfolio Defendants. It exists solely to receive capital contributions and funnel said capital contributions to Portfolio Defendants to enable Portfolio Defendants to purchase debts, and/or upon information and belief, to receive debt pools and distributed the debts to Portfolio Defendants.

148.   The Portfolio Defendants and/or Bureaus Investment Group, LLC purchase the debts for which The Bureaus, Inc. acts as the master servicer. As the master servicer, The Bureaus Inc. makes all efforts to collect the debts owned or acquired by the Bureaus Investment Group, LLC and Portfolio Defendants.

149.   As the only Bureaus entity with any employees, The Bureaus, Inc. runs the day-to-day operations of Bureaus Investment Group, LLC and Portfolio Defendants.

150.   The Bureaus, Inc. performs all debt collection actives for Portfolio Defendants and Bureaus Investment Group, LLC. As admitted by Defendants, "[The Bureauns, Inc.] is a debt collection agency, servicing credit card, consumer debt and commercial debt collections,"[7] and "[The Bureaus, Inc.'s] business is governed by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq."[8]

---

[7] Verified Complaint for Declaratory Judgment, Injunction, Accounting, Breach of Fiduciary Duties, Violation of the Illinois Limited Liability Company Act, and Breach of Contract, *Janousek,* v. Slotky, et al., No. 09C 22216, 2009 WL 2044230 at ¶ 36 (Ill.Cir. July 7, 2009).
[8] Verified Complaint, *The Bureaus, Inc. v. Janousek,* No. 2011-CH-19317, 2011 WL 2300654 at ¶ 3 (Ill.Cir. May 27, 2011.)

## Michael Slotky

151.   Michael Slotky is the past-President and current-CEO of The Bureaus, Inc., and is involved in the daily activities, management and running of The Bureaus, Inc.

152.   In his capacity as CEO, Michael Slotky is responsible for managing the financial aspects, banking relationships, debt-buying relationship, capital raising on behalf of our debt-purchasing clients, which includes raising capital on behalf of Bureaus Investment Group, LLC and Portfolio Defendants.

153.   He is responsible for participating in purchasing and selling of inventory for the Bureaus, Inc.'s clients, which include but are not limited to Bureaus Investment Group, LLC and Portfolio Defendants.

154.   Between October 1, 2007, and August 2013, Michael Slotky was also the president of The Bureaus, Inc. When serving as president of The Bureaus, Inc., Michael Slotky had the same responsibilities Mr. Janousek (the previous president of The Bureaus, Inc.) had while Mr. Janousek was the acting president. By admission of The Bureaus, Inc., its Mr. Janousek had the following duties and, therefore, Michael Slotky had the following duties while President for The Bureaus, Inc.:

   (i) sourcing and managing the purchase of accounts receivable, analyzing the contents of and proper price ranges to bid for the accounts, drafting and reviewing purchase contracts, identifying problematic language and terms, and assisting in negotiating revisions

on behalf of TBI and its clients; (ii) managing the resale of accounts, analyzing and defining criteria to determine which accounts to sell and for what amounts, drafting the contracts for sale, negotiating terms of sale, and assessing potential buyers and bids for accounts on behalf of TBI and its clients; (iii) participating in the administration of purchase agreements, including identifying which accounts should be rejected or returned on behalf of TBI and its clients; (iv) drafting and making presentations to banks funding (or considering funding) TBI's debt purchases on behalf of TBI or its clients; (v) insuring TBI complies with its contractual obligations; (vi) managing collections on TBI's accounts, including reviewing performance of collection agencies hired to work TBI accounts, and executing changes to collection strategies and tactics as needed to consistently hit target collections; and (vii) *managing litigation brought against or on behalf of TBI or its clients, including approving the criteria used for litigation accounts*, monitoring for work gaps, taking remedial actions when necessary, and managing outside counsel.

Verified Complaint, *The Bureaus, Inc. v. Janousek*, No. 2011-CH-19317, 2011 WL 2300654 at ¶ 20 (Ill.Cir. May 27, 2011) (emphasis added). Michael Slotky had the aforementioned duties from October 1, 2007 until August 2013. Accordingly, it was specifically his duty to manage litigation accounts and the documentation used for litigation accounts. *Id.*

155.   On numerous occasions, Michael Slotky personally swore to Authorization and Verification forms and Affidavits, which verified the debtor, the debt and authorized collection activity, on behalf using false names and false corporate designations (i.e., Legally Non-Existent Bureaus).

156.   He personally signed, and admitted to signing, numerous documents, including Authorization and Verification" forms, form collection letters, form bills

of sale, assignments of debt forms, engagement letters and/or "Statement of Account" forms, claiming ownership and authorizing the collection of debts by The Bureaus, Inc. under false names and false corporate designations, such as Legally Non-Existent Bureaus.

157.   He did so with knowledge that the Legally Non-Existent Bureaus he was signing on behalf of did not exist. Accordingly, he knowingly, intentionally, and/or recklessly authorized The Bureaus, Inc. to collect debts allegedly owed to Bureaus Investment Group, LLC and/or Portfolio Defendants using false names and false corporate designations, such as Legally Non-Existent Bureaus.

### Aristotle Sangalang

158.   Aristotle Sangalang personally acted as the "appointed designee" of The Bureaus, Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC.

159.   On numerous occasions, Aristotle Sangalang personally swore to Authorization and Verification forms, which verified the debtor, the debt and authorized collection activity, on behalf using false names and false corporate designations such as Legally Non-Existent Bureaus.

160.   He personally signed numerous documents, including without limitation, Authorization and Verification forms, claiming ownership and authorizing the collection of debts by The Bureaus, Inc. using false names and false corporate designations, such as Legally Non-Existent Bureaus.

161.   He did so with knowledge that the Legally Non-Existent Bureaus he was signing on behalf of did not exist. Accordingly, he knowingly, intentionally, and/or recklessly authorized The Bureaus, Inc. to collect debts allegedly owed to Bureaus Investment Group, LLC and/or Portfolio Defendants using false names and false corporate designations, such as Legally Non-Existent Bureaus.

**<u>Violation of the FDCPA and State Laws</u>**

162.   The signing of documents claiming ownership and authorizing The Bureaus, Inc. to collect debts allegedly owed to Bureaus Investment Group, LLC and/or Portfolio Defendants using false names and false corporate designations, such as Legally Non-Existent Bureaus, by Michael Slotky and/or Aristotle Sangalang resulted in numerous violations of federal and state laws, including without limitation:

    i.   § 1692(e) by representing that Legally Non-Existent Bureaus owned and was thus entitled to collect the debt.

    ii.   § 1692(e)(10) by using false names and false corporate designations to collect or attempt to collect debts.

    iii.   15 U.S.C.A. § 1692e(14) by using false names and false corporate designations for debts allegedly owed to Bureaus Investment Group, LLC, Portfolio Defendants and/or The Bureaus, Inc. and therefore

using a name other than the true name of the debt collectors business, company or organization to collect a debt.

iv.    15 USC 1692e(A) by personally signing documents authorizing The Bureaus, Inc. to collect debts under false names and false corporate designations with knowledge that the Legally Non-Existent Bureaus do not exist and thus falsely representing the character or legal status of the debt.

v.    15 USC 1692j by personally signing and authorizing the collection of debts using false names and false corporate designations.

vi.    State law violations as alleged within this Complaint.

163.    The only predicate for "operator liability" is the individual's participation in wrongful acts,[9] and Michael Slotky and/or Aristotle Sangalang are subject to personal liability for any violations of the FDCPA and/or state law the debt collections of The Bureaus, Inc., Bureaus Investment Group, LLC and/or Portfolio Defendants for personally signing, authorizing and participating in the collection of debts under false names and false corporate designations such as Legally Non-Existent Bureaus.

164.    Thus, Michael Slotky and/or Aristotle Sangalang were central figures in the unlawful collections of debts by The Bureaus, Inc. and its agents.

---

[9] *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978).

The unlawful activities of the Bureaus Entities as alleged in this count and the Complaint were done with the personal authorization, participation and approval of Michael Slotky and/or Aristotle Sangalang.

165.    As a result of the personal actions of Michael Slotky and/or Aristotle Sangalang, Plaintiff and putative class members incurred actual damages in the form of monetary loss, physical stress and mental anguish.

## COUNT IX
### Vicarious Liability
(The Bureaus, Inc.)

166.    Plaintiffs adopt and re-allege Paragraphs 1-165 of this Complaint as if set forth herein in their entirety.

167.     If an shareholder, member or officer is labile as a central figure, "the fact that an officer is acting for a corporation also may make the corporation vicariously or secondarily liable under the doctrine of respondeat superior; it does not however relieve the individual of his responsibility."[10]

168.    As alleged in this Complaint, Michael Slotky and/or Aristotle Sangalang were acting as a shareholder, member or officer for the Bureaus, Inc. when they personally signed, authorized and participated in the collection of debts using false names and false corporate designations such as Legally Non-Existent Bureaus.

---

[10] *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602, 606 (3d Cir. 1978).

169.     As alleged in this Complaint, Michael Slotky were acting as a shareholder, member or officer for Bureaus Investment Group, LLC and/or Portfolio Defendants when he personally signed, authorized and participated in the collection of debts using false names and false corporate designations such as Legally Non-Existent Bureaus.

170.     As a result of their conduct as alleged in Count VIII, Michael Slotky and/or Aristotle Sangalang are personally liable for their violation of the FDCPA and state laws. They took those actions in the capacity of a member, shareholder and/or officer of The Bureaus, Inc. Therefore, The Bureaus, Inc. is vicariously liable for their actions.

171.     Plaintiff and the putative class members incurred actual damages in the form of monetary loss, physical stress and mental anguish for which The Bureaus, Inc. is vicariously labile or secondarily liable under the doctrine of respondeat superior.

## COUNT X
### Piercing the Corporate Veil/Alter Ego

172.     Plaintiffs adopt and re-allege Paragraphs 1 through 171 of this Complaint as if set forth herein in their entirety.

173.     Bureaus Investment Group, LLC, The Bureaus, Inc. and/or Portfolio Defendants are the alter egos of Michael Slotky, Aristotle Sangalang, and/or Burton Slotky, rendering them personally liable for all actions,

omissions and tortuous misconduct of using false names and false corporate designations, such as Legally Non-Existent Bureaus, to collect a debt.

174.    First, The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, and/or Burton Slotky exercise complete control and domination of the finances, policy and business practices of Bureaus Investment Group, LLC, Portfolio Defendants, and/or The Bureaus, Inc. to the extent that Bureaus Investment Group, LLC, Portfolio Defendants, and/or The Bureaus, Inc. have no separate will, mind or existence of their own. Bureaus Investment Group, LLC and Portfolio Defendants are a mere instrumentality of The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, and/or Burton Slotky. Facts supporting this assertion include the following without limitation:

i.     Together, Michael and Burton Slotky own a 100% interest in The Bureaus, Inc., a 60% interest in Bureaus Investment Group, LLC, and a 60% interest in Portfolio Defendants as described herein

ii.     The Bureaus, Inc. is the only Bureaus entity that is capitalized. Neither Bureaus Investment Group, LLC nor Portfolio Defendants exists for any other purpose than as hollow liability shells. The only function of Bureaus Investment Group, LLC is to receive capital that it funnels to the Portfolio Defendants to purchase charged-off consumer debts at the direction of The Bureaus, Inc.

iii.    Similarly, the only capital or assets possessed by Portfolio Defendants is either the capital funneled to it by Bureaus Investment Group, LLC to purchase debts at the direction of The Bureaus, Inc. or the debt pools The Bureaus, Inc. purchased at the direction of The Bureaus, Inc.

iv.    The Bureaus, Inc. is the only entity that either has or ever had any employees. Bureaus Investment Group, LLC and Portfolio Defendants neither have nor ever had any employees.

v.    The Bureaus, Inc. and therefore Michael Slotky, Aristotle Sangalang, and/or Burton Slotky perform all functions of Bureaus Investment Group, LLC and Portfolio Defendants.

vi.    Specifically, The Bureaus, Inc. conducts all actions of Bureaus Investment Group, LLC and Portfolio Defendants, including without limitation, overseeing compliance with any licensing and regulatory requirements required to operate as debt collectors; facilitating and/or arranging the purchase of debts for these entities; running the day-to-day operations and management of these entities; not only assessing potential sellers of debt accounts but also directing these entities to purchase debt accounts; servicing the debts, which it receives a substantial percentage of the amount collected; assigning a debt to a collection attorney;

providing the collection attorney the name of the client; and informing the collection attorney to initiate suit using the client name provided by The Bureaus, Inc. as the collection-plaintiff.

175.    As demonstrated above, there is such a unity of interest and ownership between the Defendants that the separate personalities of the various defendant persons, limited liability companies and corporations no longer exist.

176.    The interactions between The Bureaus, Inc., Bureaus Investment Group, LLC, Portfolio Defendants, Michael Slotky, Aristotle Sangalang, and/or Burton Slotky show Bureaus Investment Group, LLC and Portfolio Defendants exist only as shells through which The Bureaus, Inc., Michael Slotky, Aristotle Sangalang, and/or Burton Slotky act with complete impunity wherein Bureaus Investment Group, LLC and Portfolio Defendants have no employees, have no day-to-day management or operations, are inadequately capitalized and are operated by The Bureaus, Inc., through Michael Slotky, Aristotle Sangalang, and/or Burton Slotky.

177.    Second, Michael Slotky, Aristotle Sangalang, and/or Burton Slotky misused their control over The Bureaus, Inc., Bureaus Investment Group, LLC, and Portfolio Defendants. "Although fraud or the violation of a statutory or other positive legal duty is misuse of control, when it is necessary to prevent injustice or inequitable circumstances, misuse of control will be

presumed" *Mama's Enterprises, LLC v. United States*, 883 F. Supp. 2d 1128, 1135 (N.D. Ala. 2012) (quoting *Messick v. Moring*, 514 So. 2d 892, 894-95 (Ala. 1987)).

178.    Violation of a statutory duty is misuse of control, and the control Michael Slotky, Aristotle Sangalang, and/or Burton Slotky exercise over The Bureaus, Inc., Portfolio Defendants and/or Bureaus Investment Group, LLC has resulted in numerous violations of the FDCPA and state laws as alleged in this Complaint.

179.    The misuse of the control Michael Slotky, Aristotle Sangalang, and/or Burton Slotky exercise over The Bureaus, Inc., Bureaus Investment Group, LLC, and Portfolio Defendants has similarly resulted in numerous violations of the FDCPA and state laws as alleged in this Complaint. Accordingly, the control Slotky, Aristotle Sangalang, and/or Burton Slotky exercise over The Bureaus, Inc., Bureaus Investment Group, LLC, and Portfolio Defendants has been misused because the control has resulted in numerous violations of the FDCPA and state laws as alleged in this Complaint.

180.    Additionally, misuse of control is to be presumed here because, even though actual misuse is apparent, the actions of Michael Slotky, Aristotle Sangalang and/or Burton Slotky, through The Bureaus, Inc., has caused injustice or inequitable circumstances, and under the circumstances, the

observance of the fiction of separate existence would sanction a fraud or promote injustice where Michael Slotky and/or Aristotle Sangalang have personally authorized the collection of debts through The Bureaus, Inc. using false names and false corporate designations such as Legally Non-Existent Bureaus.

181.    Bureaus Investment Group, LLC, Portfolio Defendants, and The Bureaus, Inc. are mere instrumentalities through which Michael Slotky, Aristotle Sangalang, and/or Burton Slotky act with complete impunity. They have so manipulated the corporate form that they have promoted great injustice by collecting debts from Alabama consumers without any regard to the accuracy of the information, the legal ability to collect the debt, proper ownership of the debt, or complying with federal and state regulations. Instead, they manipulate the corporate structures in a manner to "churn" debt collection activity with a conscious disregard of any requirements, legal or otherwise.

182.    Third, the misuse of the control of Michael Slotky, Aristotle Sangalang, and/or Burton Slotky over the various Bureaus entities proximately caused the harm complained of as demonstrated by the facts and allegations contained in this Complaint.

183.    Because of the acts and omissions of Defendants in the particulars alleged herein, the corporate veil of The Bureaus, Inc., Bureaus

Investment Group, LLC and the Registered Portfolios should be pierced, finding that Michael Slotky, Aristotle Sangalang, and/or Burton Slotky are the alter egos of The Bureaus, Inc., Bureaus Investment Group, LLC and Portfolio Defendants. For those reasons stated herein, Michael Slotky, Aristotle Sangalang, and/or Burton Slotky are individually, jointly and severally liable for the violations of the FDCPA and state laws as alleged in this Complaint.

## DAMAGES/PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members seek the following relief:

a.   Actual damages pursuant to 15 U.S.C. § 1692, et seq. and under the state common law claims alleged herein;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k;

d.   Declaratory relief declaring all judgments entered against Plaintiff and class members are void;

e.   Declaratory relief declaring all suits pending against any Alabama resident, which were brought and/or maintained by Defendants and/or any other unknown Bureaus entities not registered with the State of Alabama at the time when they did not have the legal right to do so and be dismissed in favor of the alleged debtor with prejudice.

f.   A judgment against all Defendants requiring them to return all monies paid by Alabama residents who paid any sum to any Defendant and/or other unknown Bureaus entities not registered with the state of Alabama at the time when they did not have the legal right to do so.

g.   An injunction prohibiting Defendants and/or any other unknown Bureaus entity not registered or licensed to do business in the State of Alabama from, filing any actions within the State of Alabama unless the suit is brought under the true and correct name of the entity and/or such entity is registered or licensed to do business in Alabama as required by Alabama law;

h.   Costs of this action; and

i.   Such other relief and further relief as the court may deem just and equitable.

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS ACTION

Respectfully Submitted,

**/s/Charles J. Lorant_____**
Charles J. Lorant
Vincent F. Saylor
Attorneys for Plaintiff

**OF COUNSEL:**
LORANT LAW GROUP
550 Montgomery Highway, Suite 101
Vestavia, Alabama 35216

**<u>SERVE DEFENDANTS VIA CERTIFIED MAIL AT:</u>**

Burton Slotky
650 Dundee Road, Ste. 370
Northbrook, IL 60062

Aristotle Sangalang
650 Dundee Road, Ste. 370
Northbrook, IL 60062

Chambless Math & Carr P.C.
c/o Mark Chambless
5720 Carmichael Road
Montgomery, AL 36117

Mark Chambless
5720 Carmichael Road
Montgomery, AL 36117

The Bureaus, Inc.
c/o Aristotle Sangalang
650 Dundee Road, Ste. 370
Northbrook, IL 60062

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon the attorneys below by electronic filing to those who are registered to receive electronic filing from this court and by placing a copy of same, properly addressed, postage prepaid, in the U.S. Mail on those who are not served electronically, this the 30th day of July 2014.

Neal D. Moore, III, Esq.
L. Jackson Young, Jr. Esq.
FERGUSON, FROST & DODSON, LLP
1400 Urban Center Drive, Suite 200
Birmingham, Alabama 35242

Mark N. Chambless, Esq.
CHAMBLESS, MATH & CARR, PC
P.O. Box 230759
Montgomery, AL 36123

Dara C. Tarkowski, Esq.
KATTEN MUNCHIN ROSENMAN, LLP
525 West Monroe Street
Chicago, Illinois 60661

Lloyd W. Gathings, Esq.
Honora M. Gathings, Esq.
GATHINGS LAW
2204 Lakeshore Drive, Suite 406
Birmingham, Alabama 35209

Joseph E. Stott, Esq.
SCOTT, SULLIVAN, STREETMEN & FOX, PC
2450 Valleydale Road
Birmingham, Alabama 35244

**/s/Charles J. Lorant_____**